UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Latesha Shanté Murphy,<br><br>             Plaintiff,<br><br>v.<br><br>PHH Mortgage Servicers, *et al.*,<br><br>             Defendants. | Civil No. 3:23-cv-01552 (KAD)<br><br><br>January 23, 2024 |

**RECOMMENDED RULING ON
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

      The Plaintiff, Latesha Shanté Murphy, was a defendant in a mortgage foreclosure case in the Connecticut Superior Court.[1] (ECF No. 1, at 25.)  She apparently contends that she was wrongly sued for "mortgage payments on a loan that no longer exists." (*Id.* at 1.)  Believing this conduct to be criminal, she filed a "notice of felony case" in this court.  (*Id.*)  She also moved for leave to proceed *in forma pauperis*, or "IFP."  (ECF No. 8.)

      When a plaintiff seeks permission to begin a lawsuit IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries.  First, it reviews the plaintiff's financial affidavit and determines whether she is unable to pay the fee.  28 U.S.C. § 1915(a).  Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines her complaint to determine whether it "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).  If the complaint is indeed frivolous or fails to state a claim, the court must dismiss the case.  *Id*.

---

[1]     The Plaintiff filed this suit under the name "Latesha Shanté Murphy," but in the state court foreclosure complaint that she attached as an exhibit, her name is given as Latesha Coaxum. (ECF No. 1, at 25.)

United States District Judge Kari A. Dooley referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries. (ECF No. 9.) I have thoroughly reviewed the "notice of felony case," the IFP motion, and the accompanying financial affidavit. In the first step of the analysis, **I recommend that Judge Dooley deny the IFP motion** because Ms. Murphy has not shown an inability to pay the filing fee. In the second step, **I recommend that Judge Dooley dismiss the complaint without prejudice** to an amended civil complaint meeting the requirements of Rule 8 of the Federal Rules of Civil Procedure.

**I.    THE FIRST INQUIRY – ENTITLEMENT TO IFP STATUS**

Ordinarily when a plaintiff files a case in federal court, she must pay fees totaling $402.00, consisting of a $350.00 filing fee and a $52.00 administrative fee. *See* 28 U.S.C. § 1914; *Rosa v. Doe*, 86 F.4th 1001, 1003 (2d Cir. 2023). Nevertheless, the court may "authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1761 (2015) (stating that plaintiffs who qualify for *in forma pauperis* status "may commence a civil action without prepaying fees").

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and

[her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In determining whether the plaintiff is "unable to pay," courts consider her assets as well as her income. *See* 28 U.S.C. § 1915(a)(1) (requiring IFP applicants to submit "a statement of all assets"). In particular, courts consider "equity in real estate." *Cty. of Allegheny v. Strader*, No. 2:18-CV-00775-CRE, 2018 WL 3660092, at *2 (W.D. Pa. Aug. 2, 2018). In *Ireland v. Reliance Standard Life Ins. Co.*, for example, the court denied a plaintiff's motion to proceed *in forma pauperis* where she had "an estimated $60,000 of equity in her home." No. C 97-0563 TEH, 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997). Courts have found that as little as $10,000 in home equity can preclude a plaintiff from obtaining IFP status. *See, e.g. Woodard v. Upland Mortg.*, No. CIV.A.03-4382, 2003 WL 22597645, at *1 (E.D. Pa. Oct. 27, 2003), *aff'd*, 100 F. App'x 127 (3d Cir. 2004).

Under these standards, Ms. Murphy plainly does not qualify for IFP status. She earns $2,000 a week, or $104,000 a year, working for the United States Internal Revenue Service. (ECF No. 8, at 3.) While she has only $300 in conventional checking or savings accounts, she owns $3,000 worth of gold and silver and another $3,000 worth of cryptocurrency. (*Id.* at 4.) She owns a $325,000 New Haven home and has over $100,000 worth of equity in it. (*Id.* at 3-4.) She also owns another home in Bowie, Maryland, the assessed value of which is $439,467.[2] Although she

---

[2]   When asked in her *in forma pauperis* application if she owned any real estate, Ms. Murphy listed only the New Haven home. (ECF No. 8, at 3.) She also stated, however, that she was residing at 15806 Appleton Terrace in Bowie, Maryland. (*Id.* at 2.) The Prince George County assessor records, which may be accessed at http://taxinquiry.princegeorgescountymd.gov/, confirm that Latesha Coaxum is the record owner of that home. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (holding that a court may "take judicial notice of relevant matters of public record"); *V.W. v. Yale Univ.*, No. 3:22-cv-1156 (KAD) (TOF), slip op. at 4 n.2 (D. Conn. Sept. 28, 2022), *report and recommendation approved and adopted*, slip op. (D. Conn. Oct. 20, 2022) (taking notice of online property tax assessor records).

claims to be experiencing financial distress while she waits for a fire insurance check to arrive, and while she reports a high level of monthly expenses, I cannot conclude on the current record that having to pay $402 "would constitute a serious hardship" for her, or that it would force her to forgo "the necessities of life." She has $6,000 in highly liquid assets and over $100,000 in home equity. I therefore recommend that her IFP motion be denied.

## II.    THE SECOND INQUIRY – "FRIVOLOUS" OR "FAILS TO STATE A CLAIM"

The same statute that authorizes courts to grant IFP status to qualifying plaintiffs also directs them to review complaints to ensure that plaintiffs are not abusing that right. Because IFP plaintiffs lack "an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), the statute instructs the Court to review their complaints and dismiss certain types of abusive or facially unmeritorious claims.

Specifically, 28 U.S.C. § 1915(e)(2)(B) instructs federal district courts to dismiss IFP complaints if any of three circumstances apply. First, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Second, the court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Third, "the court shall dismiss the case" if it finds that the complaint "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Twombly*, 550 U.S. at 555-56. Conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Ms. Murphy. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139-40 (2d Cir. 2000). In other words, courts interpret *pro se* complaints "to raise the strongest arguments they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). Because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). At the same time, "[e]ven a *pro se* plaintiff . . . must meet the standard of facial plausibility . . . ." *McQuay v. Pelkey*, No. 3:16-cv-436 (MPS), 2017 WL 2174403, at *2 (D. Conn. May 17, 2017); *accord Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-1864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) ("Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility.") (internal citation omitted).

In this case, Ms. Murphy evidently wants to initiate a criminal prosecution against the people who sued her. (*See* ECF No. 1, at 1) (seeking "felony action" against the defendants). But it is well established that "private citizens cannot prosecute criminal actions in federal court." *Genao v. St. Nicholas Hous. Dev.*, No. 19-cv-2477 (CM), 2019 WL 2225752, at *1 (S.D.N.Y. May 22, 2019). As the Supreme Court put it over fifty years ago, "a private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiffs "also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are 'immune from control or interference by citizen or court.'" *Genao*, 2019 WL 2225752, at *1 (quoting *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972)). Thus, to the extent that Ms. Murphy is attempting to initiate a criminal case against her mortgagors and their attorneys, that attempt is "frivolous" and "fails to state a claim."

This observation does not end the analysis, however – because under the *Phillips* principle, the Court is obliged to consider whether the plaintiff's factual allegations add up to some plausible claim that she did not think of. Applied to this case, this principle means that the Court should study Ms. Murphy's complaint and consider whether its factual claims, if proven, would add up to some meritorious *civil* (that is, non-criminal) cause of action against any of the defendants. *See Phillips*, 408 F.3d at 130.

Yet even if I were to regard Ms. Murphy's filing as an attempt at a civil complaint, it would still merit dismissal for two principal reasons – the first of which is that the court's jurisdiction is not evident. Federal courts are courts of "limited jurisdiction," meaning that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). Leaving aside some others that are not relevant here, a federal court can typically hear and decide only three types of cases: (1) those that "aris[e] under the Constitution, laws, or treaties of the United States" – so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000 – "diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III

6

of the United States Constitution" – "supplemental jurisdiction" under 28 U.S.C. § 1367(a). When a complaint does not support these or any other bases for federal jurisdiction, the court must dismiss it, "even if it was drafted by a pro se plaintiff." *Hamm v. Baio*, No. 3:22-cv-401 (OAW) (TOF), 2023 WL 2867070, at *2 (D. Conn. Jan. 10, 2023), *report and recommendation adopted*, slip op. (Feb. 27, 2023). "In other words, while pro se complaints are reviewed liberally, that liberality does not stretch so far as to cause a court to hear a case that is outside its jurisdiction." *Id.* Here, Ms. Murphy's filing does not identify any federal question implicated in any dispute between her and her mortgagors or their lawyers, nor does it demonstrate that the parties are citizens of different states. Thus, even if I were to regard it as an attempt to initiate a civil suit, that suit would fail for lack of jurisdiction.

Second, the "complaint" also fails to state a claim upon which relief can be granted. As noted above, a civil complaint is subject to dismissal if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In this case, however, there are no factual claims to speak of. The "complaint" is composed of a few hand-written sentences that do not explain what any particular defendant did and why it amounts to a legal wrong,[3] followed by a twenty-two page "Notice of Felony!" that (a) is directed to a non-existent "Sheriff's Department of the County of New Haven Township" and (b) is full of legal-sounding gibberish having no evident relationship to a dispute between a borrower and her bank. (ECF No. 1.) Thus, even if I were to construe her "complaint" as attempting to state a civil rather than a criminal claim, it would "fail to state a claim" and merit dismissal.

---

[3] The closest the document comes is when it alleges that "the mortgage company" "continues to request mortgage payments on a loan that no longer exists." (ECF No. 1, at 1.) But it does not tell the reader whether the offending "mortgage company" is PHH Mortgage Servicers or Federal Savings Bank, nor does it plead enough facts about the mortgage to render the claim plausible. (*Id.*)

7

### III.  CONCLUSION

To sum up, I recommend that Judge Dooley deny Ms. Murphy's motion for leave to proceed *in forma pauperis.*  (ECF No. 8.)  If the recommendation is accepted, that would mean that Ms. Murphy would have to pay fees totaling $402.00 before her case could proceed further.

I also recommend that Ms. Murphy's complaint be dismissed, but that the dismissal be without prejudice to a new *civil* complaint.  When *pro se* plaintiffs fail to properly initiate a lawsuit on their first try, courts usually give them a second chance – so long as it is not clear that the second chance would be an exercise in futility.  *See*, *e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (observing that, while *pro se* plaintiffs are often permitted "leave to amend at least once," courts typically do not allow repleading when "[t]he problem with [the complaint] is substantive" and "better pleading will not cure it").  Here, any second effort to initiate a *criminal* prosecution would be an exercise in futility, and it should not be allowed.  But Ms. Murphy may conceivably have plausible *civil* claims against some or all defendants, and I recommend that she be given a chance to attempt to state them in an amended civil complaint that explains the basis for the court's jurisdiction and otherwise meets the requirements of Rule 8 of the Federal Rules of Civil Procedure.

This is a recommended ruling by a magistrate judge.  Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).  **If the Plaintiff wishes to object to my recommendation, she must file that objection with the Clerk of the Court within nineteen days.**  Fed. R. Civ. P. 72(b)(2) (stating that objections to Magistrate Judges' recommended dispositions shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for plaintiffs who, like Ms. Murphy, will receive notice of the recommended disposition by mail).  If she does not do so, she may not thereafter assign as error any claimed defect in this recommended ruling.  D. Conn. L. Civ. R.

72.2(a).  Failure to file a timely objection will also preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dep't of Justice,* 670 F. App'x 32 (2d Cir. 2016) (summary order).

          */s/ Thomas O. Farrish*
          Hon. Thomas O. Farrish
          United States Magistrate Judge