UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LATESHA SHANTE MURPHY<br>*Plaintiff*, | )<br>)<br>) | CASE NO. 3:23-cv-1552 (KAD) |
| v. | )<br>) | |
| FEDERAL SAVINGS BANK, ET AL.,<br>*Defendants*. | )<br>) | JUNE 18, 2025 |

MEMORANDUM OF DECISION
RE: DEFENDANTS' MOTION TO DISMISS (ECF NO. 20)

Kari A. Dooley, United States District Judge:

Plaintiff Latesha Shante Murphy, proceeding *pro se*, brings this action against Defendants Federal Savings Bank ("FSB") and PHH Mortgage Corporation ("PHH") (collectively, "Defendants") seeking recission of her real estate mortgage loan pursuant to the Truth in Lending Act ("TILA") and The Real Estate Settlement Procedures Act ("RESPA").[1] *See* Amended Complaint ("Am. Compl."), ECF No. 12. Defendants have filed a Motion to Dismiss the Amended Complaint in its entirety, with prejudice, on the grounds that TILA is inapplicable to the factual circumstances alleged, and the Amended Complaint does not otherwise sufficiently allege a RESPA violation. *See generally* Defs. MTD, ECF No. 20. For the reasons discussed herein, Defendants' Motion to Dismiss is **GRANTED**.

**Allegations and Procedural History**

On November 27, 2023, Plaintiff filed her initial Complaint against Defendants PHH, Sheriff Department of New Haven County, and FSB. ECF No. 1. Thereafter, pursuant to 28

---

[1] Plaintiff's initial Complaint named "Sheriff Department of New Haven County" as a Defendant. *See* ECF No. 1. However, the Amended Complaint, which completely replaced the initial Complaint, does not name "Sheriff Department of New Haven County." *See* Am. Compl., ECF No. 12. While the Amended Complaint does include allegations against Dovenmuehle Mortgage, Inc. ("Dovenmuehle"), which is evidently FHB's mortgage servicer, Dovenmuehle is not identified in the case caption and Plaintiff did not request that an electronic summons be issued as to Dovenmuehle. As such, Dovenmuehle has not been properly named or joined in this civil action.

U.S.C. § 1915, Magistrate Judge Thomas O. Farrish reviewed the Complaint and recommended that it be dismissed without prejudice. *See* ECF No. 10. On May 15, 2024, the Court adopted Judge Farrish's Recommended Ruling. ECF No. 11. On June 11, 2024, Plaintiff filed the Amended Complaint. *See* Am. Compl., ECF No. 12.

Preliminarily, the Amended Complaint is difficult to comprehend and does not set forth a factual narrative that one can easily follow. However, liberally construed, the Amended Complaint alleges that Plaintiff obtained a real estate loan from FSB to pay for her home located at 349 Concord Street in New Haven, Connecticut, and that the loan was secured by a mortgage on the property.[2] *See id.* at 1. Now, Plaintiff is suing for recission of the loan, in light of: (a) an unlawful foreclosure action initiated by FSB in 2022 (which was later settled for "over $25,000"); and (b) FSB's failure to provide Plaintiff with a right of recission. *Id.* at 2. Plaintiff seeks "return of all funds paid on the loan" as well as the $25,000 she paid to settle the foreclosure action, and appears to further seek a declaration that the loan is void and/or unlawful. *See id.* at 3.

On September 23, 2024, Judge Farrish issued a Recommended Ruling as to the Amended Complaint. ECF No. 14. Judge Farrish construed the Amended Complaint as perhaps asserting three causes of action: (1) a TILA claim; (2) a RESPA claim; and (3) a common law claim for recission, and concluded that while the Court has subject matter jurisdiction over Plaintiff's TILA and RESPA claims, it lacks subject matter jurisdiction over the common law recission claim. *See id.* On October 24, 2024, the Court adopted Judge Farrish's Recommended Ruling and dismissed with prejudice Plaintiff's common law recission claim. *See* ECF No. 15.

On February 14, 2025, Defendants filed the instant Motion to Dismiss the Amended Complaint. Defs. MTD, ECF No. 20. Months later, on June 3, 2025, Plaintiff filed an untimely

---

[2] For purposes of the instant Motion to Dismiss, the Court accepts as true all of the factual allegations set forth in the Amended Complaint.

2

opposition to the Motion to Dismiss.  Pl. Opp., ECF No. 25.  Thereafter, Defendants filed a reply brief in further support of the Motion to Dismiss.  Defs. Reply, ECF No. 26.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.  Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor."  *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

Defendants have moved to dismiss the Amended Complaint on the following grounds: (1) TILA does not apply to purchase money loans such as the one at issue in this case; and (2) Plaintiff has not sufficiently alleged a RESPA claim.  The Court agrees with Defendants.

<u>TILA</u>

Plaintiff appears to allege that Defendants violated TILA by failing to provide her with information regarding her right to recission of the underlying real estate loan agreement.  *See* Am. Compl. at 2.  TILA was designed to promote transparency and fairness in lending practices.  *See*

3

15 U.S.C.A. § 1601(a).  To that end, TILA "requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights," including "notice of the borrower's right of rescission."  *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 54 (2004); *Fiorenza v. Fremont Inv. & Loan*, No. 08-CV-858 (SAS), 2008 WL 2517139, at *2 (S.D.N.Y. June 20, 2008) (citing 12 C.F.R. § 226.23(b)(1)).

In certain circumstances, the right of rescission provides the borrower the ability to "rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately."  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998).  For example, TILA provides that a consumer may rescind a credit transaction in which the security interest at stake is in the consumer's "principal dwelling."  *See id.* (citing 15 U.S.C. § 1635).  However, TILA specifically exempts "residential mortgage transaction[s]" from the right to rescind.  *See* 15 U.S.C. § 1635(e); 12 C.F.R. § 226.23(f)(1).  A "residential mortgage transaction" includes residential purchase-money mortgage transactions.  *See* 15 U.S.C. § 1602(x) (defining "residential mortgage transaction" as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling").

Here, Defendants have attached to their Motion to Dismiss true and correct copies of the relevant Limited Warranty Deed and Open-End Mortgage Deed recorded in the New Haven Land Records on December 9, 2020, which undisputedly demonstrate that the underlying real estate loan was a "residential mortgage transaction."[3]  *See* Defs. MTD, ECF No. 21-1, Exhibits 1 and 2.

---

[3] Defendants have requested that the Court take judicial notice of these materials, insofar as they are "matters of public record."  That request is granted.  It is well-settled that the court may consider matters subject to judicial notice in connection with a Rule 12(b)(6) motion.  *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).  Moreover, courts routinely take judicial notice of deeds recorded in public land records.  *See, e.g., In re Santiago*, No. 3:17-BK-31361 (AMN), 2021 WL 371823, at *3 n.4 (Bankr. D. Conn. Jan. 28, 2021); *Illarramendi v. United States*, No. 3:16-CV-1853 (SRU), 2020 WL 656698, at *6 n.4 (D. Conn. Feb. 11, 2020).  Further, these records are clearly integral to Plaintiff's Amended Complaint and are therefore also properly considered on a motion to dismiss.  *See Glob. Network Commc'ns*, 458 F.3d at 156.  Accordingly, the Court takes judicial notice of Exhibits 1 and 2 attached to the instant Motion to Dismiss.

Indeed, these public land records reveal that the subject loan was used by Plaintiff to finance the acquisition of a dwelling located at 349 Concord Street, and that the loan was immediately secured by a mortgage on the property. *See id.* Thus, Plaintiff possessed no right of recission under TILA. *See Sanchez v. Omega Financial Services, Inc.*, No. 3:24-CV-258 (VDO), 2024 WL 5218259, *2 (D. Conn. Dec. 23, 2024) (TILA provides no rescission remedy where the loan was used to finance acquisition of the home); *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 285 (S.D.N.Y. 2011) (same); *Allah v. New Century Mortg. Corp.*, No. 06-CV-3031, 2006 WL 3196851, at *2 (E.D.N.Y. Nov. 4, 2006). And it therefore necessarily follows that Defendants were under no obligation to provide Plaintiff with notice of any such right. *See Grimes*, 785 F. Supp. 2d at 285 (where there is no right to recission under TILA, "[d]efendants were not required to provide notice of a right to rescission, and their alleged failure to do so was not a TILA violation"). Accordingly, Plaintiff's TILA claim must be dismissed.[4]

RESPA

As for Plaintiff's purported RESPA claim, it too must be dismissed. RESPA is a consumer protection statute applying to federally related mortgage loans, and "was enacted 'to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.'" *Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254, 260 (S.D.N.Y. 2017) (citing 12 U.S.C. § 2601(a)). In 2010, Congress amended RESPA, creating the Consumer Financial Protection Bureau

---

[4] The Court further observes that, insofar as Plaintiff's recission claim under TILA arises from the foreclosure of her home at 349 Concord Street—which appears to have occurred in 2022—any such claim is likely time-barred. *See Schwartz v. HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666, 679 (S.D.N.Y. 2016) ("TILA contains a one-year statute of limitations on damages claims.") (citing 15 U.S.C. § 1640(e)); *see also Arroyo v. PHH Mortg. Corp.*, No. 13-CV-2335, 2014 WL 2048384, at *12 (E.D.N.Y. May 19, 2014) (statute of limitations begins to run "from the time of the occurrence" of the TILA violation).

(the "CFPB"), which was tasked with prescribing rules and regulations, as well as interpretations, "as may be necessary to achieve" RESPA's purpose. *See* Dodd–Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111–203, § 2617(a), 124 Stat. 1376, 2184 (2010). In 2013, the CFPB promulgated Regulation X, RESPA's implementing regulations. *See* 12 C.F.R. §§ 1024.1–1024.41. RESPA and its implementing regulations provide a "carefully-calibrated set of protocols" regarding, *inter alia*, the servicing of mortgage loans. *Sutton*, 228 F. Supp. 3d at 273.

Here, the Amended Complaint does not specifically invoke RESPA. Upon initial review, Judge Farrish construed Plaintiff's allegations that the mortgage was reassigned "without [her] knowledge and consent" as perhaps attempting to assert a RESPA claim.[5] *See* Am. Compl. at 1. However, even when liberally construed in light of Plaintiff's status as a *pro se* litigant, the Court agrees with Defendants that these allegations are insufficient. Again, Plaintiff does not specify which of RESPA's many provisions was allegedly violated. At best, Plaintiff has asserted that Defendants violated 12 U.S.C. § 2605(b)(1), which requires that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." But the allegations in the Amended Complaint that might support such a claim are extremely sparse and wholly conclusory. Moreover, it is clear that the relief Plaintiff seeks is recission of the underlying real estate loan. But RESPA provides no right of recission. Accordingly, the Amended Complaint has not plausibly alleged a violation of RESPA.

Plaintiff's untimely opposition to the instant Motion to Dismiss does not alter the Court's analysis. Also difficult to understand, and as Defendants accurately observe, Plaintiff's opposition

---

[5] Notably, the Court referred the Amended Complaint to Judge Farrish "for the limited purpose of assessing whether Plaintiff has now properly invoked the Court's subject matter jurisdiction." *See* ECF No. 13. As such, Judge Farrish did not reach the issue of whether the Amended Complaint adequately states a RESPA claim.

is largely duplicative of her Motion to Dismiss filed in the underlying foreclosure action in Connecticut Superior Court. *See The Federal Savings Bank v. Latesha Shante Coaxum a/k/a Latesha Shante Murphy*, No. NNH-CV24-6145873-S, Entry No. 106.00. It plainly fails to address the propriety of her TILA claim or the sufficiency of her RESPA allegations. At best, the opposition relies upon allegations and claims that are not contained in the Amended Complaint. For example, Plaintiff asserts that "the mortgage in question was executed based on misrepresentations and fraudulent information."[6] *See* Pl. Opp. at 1. But "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 453 n.11 (S.D.N.Y. 2021) (citation omitted).

**Conclusion**

For all of the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**, and the Amended Complaint is **DISMISSED** with prejudice in its entirety. Accordingly, the Clerk of Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of June 2025.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's opposition is supported by a series of documents, several of which suggest that Plaintiff is a "Moorish American" adherent of the Moorish "sovereign citizen" movement, which the Second Circuit has described "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 Fed. App'x. 105, 107 n.1 (2d Cir. 2013) (summary order). The documents attached to Plaintiff's opposition lack any cognizable connection to the issues presently before the Court, and are "replete with pseudo-legal jargon of the kind typically used by litigants who affiliate themselves with [the sovereign citizen] movement." *Bey v. New York*, No. 22-CV-3408 (HG), 2022 WL 16540684, at *1 (E.D.N.Y. Oct. 28, 2022); *see also Buchholz-Kaestner v. Fitzgerald*, No. 16-CV-604, 2017 WL 2345589, at *6 (N.D.N.Y. May 30, 2017) ("[t]heories presented by . . . sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting sovereign citizen cases).